N. C. MacEwen in re Appointment of Trustees of Kane Borough Park Lands. Thomas L. Kane's and Evan O'N. Kane's Appeal.

*Trusts and trustees—Appointment of trustee—Declaration of trusts— Amendment.*

A corporation and two individuals united in a declaration of trust by which it was declared that the corporation had conveyed certain lands to the two individuals to hold in trust for the borough of K. for park purposes, with power to convey the lands to the borough to be held on the same trusts. It was further provided " that in case of death, resignation or refusal to act of either of said trustees, or of both of them, or any successor appointed as hereinafter stipulated, the remaining trustee for the time being, and so often as such vacancy shall occur, shall apply to said court by petition . . . . requesting the said court to nominate and appoint a suitable person to act with him in place of said trustee." Both trustees died without having a trustee or trustees appointed, and without having executed the trust. K. was not incorporated as a borough until after the date of the execution of the deed. Subsequently the burgess and council of the borough petitioned the court for the appointment of trustees. The petition was allowed to be amended by the introduction of the following averment: " The borough of K. and inhabitants thereof, represented in this petition by the burgess and town council of said borough, are the cestuis que trust mentioned in said declaration ; the said borough of K. being the organized municipal corporation of territory and its inhabitants in said declaration mentioned as ' the borough of K. and the inhabitants thereof.' " *Held* (1) the amendment was properly allowed; (2) that the court had jurisdiction to appoint trustees as prayed for by the petition.

Argued May 6, 1896. Appeal, No. 30, Jan. T., 1896, by Thomas L. Kane and Evan O'N. Kane, from decree of C. P. McKean Co., Feb. T., 1895, No. 326, appointing trustees. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

Petition for appointment of trustees.

The facts sufficiently appear by the opinion of the Supreme Court.

The court, MORRISON; J., entered the following decree:

"And now, September 9, 1895, upon consideration, after hearing suggestions from the counsel for the respective parties,

the court appoints W. B. Smith and Milton Craven, of the borough of Kane, trustees, to fill the vacancies caused by the death of William Biddle and Thomas L. Kane."

*Error assigned* was (4) entering above decree.

*Geo. L. Roberts*, with him *A. P. Huey* and *D. H. Jack*, for appellants.—The court had no jurisdiction: Brightly's Purdon's Digest (12th edition), p. 2030, secs. 23, 24; Act of June 16, 1836, P. L. 789; Ex parte Morton, 2 Wharton, 330; Innes's Est., 4 Wharton, 179; Equity Rules, No. 5.

The amendment is objected to, because neither the affidavit nor the amendment itself states that the person making the motion to amend, and swearing to the same, is interested in the trust: Toomey v. Hughes, 25 W. N. C. 66.

The appellants contend that the appointment of trustees by the court in this proceeding decides an important question of fact against them, without an opportunity for a hearing upon their part, and that is, that this borough of Kane was never contemplated in the declaration of trust, and is not the party interested in the same: Gumbert's Appeal, 110 Pa. 496.

The amendment should have been made by the same parties who made the original petition: Gibbon's App., 104 Pa. 587.

A trust must be for the benefit of some person or persons, and if this ingredient be wanting, the trust is void: Lewin's Laws on Trusts, sec. 27, p. 197; Perry on Trusts, sec. 95, p. 87; Levy v. Levy, 33 N. Y. 97; 1 Blackstone's Commentaries, book 2, p. 331; Isaac v. Emory, 4 Cent. Rep. 163; Maught v. Getzendanner, 3 Cent. Rep. 864; Holland v. Alcock, 2 American State Rep. 420; Act of May 2, 1889, sec. 3, P. L. 76; Phila. v. Girard's Heirs, 45 Pa. 9; Hillyard v. Miller, 10 Pa. 326; Philadelphia Baptist Association v. Hart's Executors, 4 Wheaton, U. S. 1; Tilden v. Green, 130 N. Y. 29; Act of June 24, 1891, P. L. 394; Act of April 3, 1851, P. L. 320; Purdon's Dig. 239; Philadelphia v. Elliott, 3 Rawle, 170; 2 Dillon's Municipal Corporations, sec. 565, p. 560; Melick v. Pidcock, 13 Cent. Rep. 300; Bristor v. Tasker, 135 Pa. 110; Dyer's App., 107 Pa. 446; Dodson v. Ball, 60 Pa. 492; Warn v. Brown, 102 Pa. 347; Weber v. Samuel, 7 Pa. 499.

*Geo. A. Berry*, of *Berry & Edgett*, with him *Neil C. Mac-*

*Ewen* and *R. B. Stone*, for appellee.—The jurisdiction of the law side of the court is fully recognized in Appeal of Carlisle & Means, which was a proceeding under the act of June 14, 1836, by petition to the common pleas : Appeal of Carlisle & Means, 9 Watts, 331.

The act of March 21, 1806, is confined to matters of form : D. & S. Canal Co. v. Parker, 4 Yeates, 363.

Amendments at the common law are not subject to revision on a writ of error ; but statutory amendments being demandable of right, though involving the exercise of legal discretion, are : Tryon v. Miller, 1 Whart. 18 ; Proper v. Luce, 3 P. & W. 65 ; Ordroneaux v. Prady, 6 S. & R. 509.

Trusts for municipal corporations or the inhabitants thereof are fully recognized ; among others are trusts for the poor of a parish, a trust for the education of the youth of a particular locality : Perry on Trusts, pl. 66 ; Franklin's Est., 150 Pa. 449 ; Frazier, Trustee, v. Church, 147 Pa. 257.

A trust may be for the benefit of an unincorporated society : Zeisweiss v. James, 63 Pa. 470.

OPINION BY Mr. CHIEF JUSTICE STERRETT, October 5, 1896 :

The facts of this case are fully set forth in the amended petition of the appellees, including the declaration of trust—a copy of which is made part thereof. The only questions that need be noticed are those relating to the regularity of the appointment of trustees to fill the vacancy occasioned by the death of William Biddle and Thomas L. Kane, the trustees named in said declaration of trust.

In their petition, presented in February, 1895, the burgess and town council of the borough of Kane, appellees, represent that on September 25, 1868, " The McKean and Elk Land and Improvement Company," and William Biddle and Thomas L. Kane united in a declaration of trust in regard to certain lands therein described. Among other things, that declaration recites, in substance, that said company had conveyed to said Biddle and Kane as trustees, three certain tracts of land containing about seven hundred acres, reserving the waters and water rights, and provides that said trustees shall hold the same, subject to said reservation, " for the benefit and advantage of the borough of Kane and of the inhabitants thereof," to be solely and exclusively

used and occupied as and for public parks under such rules, etc., as said trustees and their successors may from time to time .make for the benefit of said cestuis que trust, etc.    That said trustees may, whenever they deem it proper, subject to the approval of the court of common pleas of McKean county, convey said lands to the proper authorities of the borough of Kane to be held on same trusts; and that the water rights shall be held in trust to be conveyed to the Kane Gas and Water Company or to such other corporation or persons as to said trustees may seem most advantageous for said borough, for the purpose of supplying it with water.

The declaration of trust provides " that in case of death, resignation or refusal to act of either of said trustees, or of both of them or any successor appointed as hereinafter stipulated, the remaining trustee for the time being, and so often as such vacancy shall occur, shall apply to said court by petition . . . . requesting the said court to nominate and appoint a suitable person to act with him in place of said trustee."

It is further averred in the petition that the borough of Kane and the inhabitants thereof are the beneficiaries named in said declaration of trust; that Thomas L. Kane died about 1883, without having conveyed the lands in accordance with said declaration, and thereupon the title vested in the surviving trustee, William Biddle, who, in the year 1887, died without having had a cotrustee appointed, and without having executed said trust; that by reason of the premises, vacancies in the office of trustee existed, and praying the court to appoint new trustees as provided in the declaration of trust and section 5 of the act of May 23, 1855, P. L. 416, Purd. 1656 pl. 57.    The petition is properly signed and sufficiently verified.    It was afterwards amended. by allowance of the following properly verified averment, viz : " The borough of Kane and inhabitants thereof, represented in this petition by the burgess and town council of said borough, are the cestuis que trust mentioned in said declaration ; the said borough . . . . being the organized municipal territory and its inhabitants in said declaration mentioned as, ' The borough of Kane and the inhabitants thereof.' "

The appellants, contending that the alleged trust is void, and claiming to be part owners of the title through Thomas L. Kane, one of the original trustees, resisted the amendment and

especially the decree appointing new trustees to fill said vacancies. One of their objections was that the borough was not organized when the trust was created.

Without referring at greater length to the provisions contained in the declaration of trust, or to the averments in the petition as amended, it sufficiently appears that Thomas L. Kane, through whom appellants claim title, by his voluntary act and deed, united with others in creating the alleged trust; that the office of trustees thereby created has become vacant by reason of the death of both the original trustees, without the appointment of a successor to either, and without the execution of said trust by them or either of them, etc.; that this proceeding was not instituted for the purpose of declaring the trust void, but merely for the purpose of securing, in an orderly way, the appointment of trustees to fill said existing vacancies. While the declaration of trust does not in terms specify the form of application in case of a vacancy occurring by the death or default of both trustees, it does provide in general terms for application to court by petition. This was evidently an oversight, for the same clause providing for the application of a cotrustee, etc. recites the case of "death or refusal to act of either of said trustees, or both of them." But, there is no difficulty on that score. If the declaration of trust is not sufficient to warrant the application, in form as presented, ample authority will be found in the act of June 14, 1836. There is no merit in the objection to the form of the application.

The objection to the amendment of the petition is also purely technical, and devoid of merit. It is not pretended that the averments contained in the amendment are either inaccurate or untrue. The nature of the amendments is such that the affidavit as to their truth could be made quite as well by the borough solicitor as by any other officer or citizen of the municipality. The amendment was not improperly allowed; and with that upon the record no reasonable objection to the appointment of trustees to fill the existing vacancy remained. If the appellants think it worth while to contest the validity of the trust, they cannot be prejudiced by our affirmance of the decree now before us. It is unnecessary to notice the motion to quash, etc., further than to say that it is denied.

Decree of September 9, 1895, affirmed and appeal dismissed, with costs to be paid by the appellants.